UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:25-cv-02786-MWC-DTB                                      Date: October 23, 2025

Title:   Pablo Juan Tomas *et al.* v. Kristi Noem *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order GRANTING Petitioners' Application for Temporary Restraining Order (Dkt. 4)**

Before the Court is Petitioners Pablo Juan Tomas and Rosa Lopez's (collectively, "Petitioners") *ex parte* application ("Application") seeking a temporary restraining order ("TRO") requiring Respondents Kristi Noem, Todd Lyons, Pam Bondi, Ernesto Santacruz, Jr., and Fereti Semaia (collectively, "Respondents")[1] to hold an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a). *See* Dkt. # 4 ("*App.*"). Respondents opposed the Application ("Opposition"). *See* Dkt. # 7 ("*Opp.*"). For the reasons set forth below, the Court **GRANTS** the Application.[2]

---

[1] Kristi Noem is the Secretary of the U.S. Department of Homeland Security ("DHS"); Todd M. Lyons is the Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); Pam Bondi is the Attorney General of the United States; Ernesto Santacruz, Jr. is the Field Office Director of Enforcement and Removal Operations at the Adelanto Field Office for ICE; and Fereti Semaia is the Warden of the Adelanto Detention Facility.

[2] The Court is granting the Application only to the extent that it orders Respondents to provide Petitioners an individualized bond hearing within seven days of this order. Though at one point in the Application Petitioners state that they seek a TRO enjoining Respondents from continuing to detain them in the absence of that bond hearing, *see App.* 2, at two other points they refer only to the need for a bond hearing and make no reference to their release in the absence of such a hearing, *see id.* 1, 17. Petitioners also offer no argument in their briefing in support of the proposition that they are entitled to release absent a bond hearing. As such, the Court understands the Application to seek only an individualized bond hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-02786-MWC-DTB                                           Date: October 23, 2025

Title:   Pablo Juan Tomas *et al.* v. Kristi Noem *et al.*

I.   Background

Petitioners are two noncitizens from Guatemala who are currently detained at the Adelanto Immigration Detention Center pending removal proceedings. *App.* 2. Petitioner Juan Tomas is a citizen of Guatemala who has lived in the United States since 2019 after entering without inspection. *See* Dkt. # 4-1 ("*Tolchin Decl.*"), Ex. B. Mr. Tomas applied for Special Immigrant Juvenile ("SIJ") Status, which was approved on May 20, 2025, and serves as the first step to apply for permanent resident status. *Id.*, Ex. C. Still, Mr. Tomas' approved application for SIJ status does not confer an immigration benefit independently, and Mr. Tomas is not yet eligible to apply for permanent residency. *Id.*, Ex. D. On June 27, 2025, immigration authorities arrested Mr. Tomas. *Id.*, Ex. B. He has been placed in removal proceedings and is charged with inadmissibility for having entered the United States without inspection or admission pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). *Id.*, Exs. A, B. Mr. Tomas avers that he will not receive a bond redetermination hearing before an Immigration Judge in light of the Board of Immigration Appeals' decision in *Matter of Jonathan Javier Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *App.* 3.

Petitioner Rosa Lopez is also a citizen of Guatemala. *Tolchin Decl.*, Ex. H. She entered the United States without inspection in 2008 and resides with her family in Los Angeles, California. *App.* 3. Immigration authorities arrested Ms. Lopez at a Home Depot on August 9, 2025, and placed her in removal proceedings. *Tolchin Decl.*, Ex. I. Like Mr. Tomas, she is charged with inadmissibility for having entered the United States without inspection or admission pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* On October 8, 2025, an Immigration Judge denied Ms. Lopez's request for a bond redetermination hearing based on a lack of jurisdiction under *Matter of Yajure Hurtado*. *Id.*, Exs. E, G.

On October 21, 2025, Petitioners filed petitions for a writ of habeas corpus, *see* Dkt. # 1, and the Application, *see App.*

II.   Legal Standard

   A.   *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). "Consistent with [the Supreme

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02786-MWC-DTB            Date: October 23, 2025

Title:    Pablo Juan Tomas *et al.* v. Kristi Noem *et al.*

Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

       B.      <u>Temporary Restraining Orders</u>

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'" *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). Where the non-movant is a government entity, "the third and fourth [*Winter*] factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-02786-MWC-DTB                                      Date: October 23, 2025

Title:       Pablo Juan Tomas *et al.* v. Kristi Noem *et al.*

III.   Discussion

    A.   *Ex Parte* Application and *Mission Power* Factors

The Court finds that Petitioners have satisfied the *Mission Power* factors. Petitioners have been in custody since June and August, respectively, without access to a bond hearing, meaning that they have been unable to work and have not received any process to advocate for their release. *Tolchin Decl.*, Exs. B, I. If the Court heard the Application according to regularly noticed motion procedures, that would leave Petitioners detained without access to any due process for at least an additional 28 days. Moreover, although Respondents highlight that Petitioners did not seek bond hearings prior to the *Yajure Hurtado* decision, that alone does not preclude the Court from granting them *ex parte* relief. Though Petitioners could have sought the TRO sooner, the fact that they provided ICE time to give them some additional due process cannot cut against them. However, after months in continued detention without a bond hearing, the Court finds *ex parte* relief warranted. *See Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *2 (C.D. Cal. Sept. 8, 2025) ("The Court finds that petitioners' *ex parte* request for relief is appropriate because petitioners allege that their continued detention without bond hearings, which they would be entitled to under 8 U.S.C. 1226(a), constitutes irreparable injury." (citation omitted)).

    B.   Jurisdiction

First, the Court finds that it has jurisdiction to rule on the TRO. Respondents reiterate the position that they took in *Bautista v. Santa Cruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal.), Dkt. # 8 (brief filed July 24, 2025). *See Opp.* 1. There, they argue that the Court lacks jurisdiction under 8 U.S.C. § 1252. For clarity, the Court will address Respondents' jurisdiction argument here.

In laying out their argument, Respondents point to two provisions in the relevant statute: § 1252(b)(9) and § 1252(g).

8 U.S.C. § 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-02786-MWC-DTB                               Date: October 23, 2025

Title:   Pablo Juan Tomas *et al.* v. Kristi Noem *et al.*

> provisions, *arising from any action taken or proceeding brought to remove an alien from the United States* under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9) (emphasis added).

In interpreting the statute, *Jennings v. Rodriguez*, 583 U.S. 281 (2018), is instructive. The Supreme Court determined that the "arising from" language of § 1252(b)(9) does not mean that the provision covers every action that technically follows the commencement of removal proceedings, as that would bar judicial review of questions of law and fact that are unrelated to the removal proceeding until there was a final order of removal. *Jennings*, 583 U.S. at 292–95. Like the class in *Jennings*, Petitioners here are "not asking for review of an order of removal," nor are they "challenging the decision to detain [them] in the first place or to seek removal," and they are not "challenging any part of the process by which [their] removability will be determined." *Id.* at 294. Rather, they merely seek bond redetermination hearings pending their removal proceedings. *See generally App.* "Under these circumstances, § 1252(b)(9) does not present a jurisdictional bar." *Jennings*, 582 U.S. at 294–95 (footnote omitted).

Respondents also cite § 1252(g) to support their argument that the Court lacks jurisdiction to rule on the TRO. That section reads:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02786-MWC-DTB                                        Date: October 23, 2025

Title:      Pablo Juan Tomas *et al.* v. Kristi Noem *et al.*

8 U.S.C. § 1252(g) (emphasis added). The same reasoning that applies to § 1252(b)(9) applies to § 1252(g). *See Jennings*, 583, U.S. at 294 ("We did not interpret [§ 1252(g)] to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves." (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999))). Since Petitioners' seeking bond redetermination hearings does not challenge any decision to commence proceedings, adjudicate cases, or execute removal orders, the Court finds that § 1252(g) does not present a jurisdictional bar to judicial review. *See Mosqueda*, 2025 WL 2591530, at *3; *Henberto Arreola Armenta v. Noem*, No. 5:25-cv-02416-JFW-SP (C.D. Cal. Sept. 16, 2025), Dkt. # 7, 3.

  C. <u>Request for Bond Hearing</u>

The Court finds that Petitioners are entitled to a TRO ordering bond redetermination hearings before an Immigration Judge. The Court will discuss each of the *Winter* factors in turn.

   *i.* *Likelihood of Success on the Merits*

Petitioners first contend that they are likely to succeed on the merits because 8 U.S.C. § 1226(a) applies to them and authorizes a bond hearing. The Court agrees. 8 U.S.C. § 1226(a) states, in part:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
>  (1) may continue to detain the arrested alien; and
>  (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General . . . .

8 U.S.C. § 1226(a). *Jennings* clarified that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." 583 U.S. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   5:25-cv-02786-MWC-DTB | Date: October 23, 2025 |
| Title:   Pablo Juan Tomas *et al.* v. Kristi Noem *et al.* | |

306 (citing 8 C.F.R. § 1236.1(d)(1)); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) ("Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including . . . an initial bond hearing before a neutral decisionmaker.").

Respondents refer to the BIA's *Yajure Hurtado* decision, which held that 8 U.S.C. § 1225(b)(2)(A) strips Immigration Judges of the authority to hear bond requests or grant bond to individuals who are present in the United States without admission. *See generally* 29 I. & N. Dec. 216. 8 U.S.C. § 1225(b)(2)(A) reads: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal proceeding]." 8 U.S.C. § 1225(b)(2)(A).

The Court finds the argument that Respondents have detained Petitioners pursuant to § 1225(b)(2)(A) unpersuasive. Analyzing this provision alongside § 1226(a), and "giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous," *Shulman v. Kaplan*, 58 F.4th 404, 410–11 (9th Cir. 2023), § 1226(a) and § 1225(b)(2)(A) apply to different sets of noncitizens. Section § 1226(a) applies to those individuals who are already in the country and detained, while § 1225(b) applies "primarily to aliens *seeking entry into the United States*." *Jennings*, 583 at 281, 297 (emphasis added); *Mosqueda*, 2025 WL 2591530, at *5. As such, Petitioners have demonstrated their entitlement to a bond hearing.

Respondents also argue that the Court should not grant a bond hearing because Petitioners have failed to appeal to the BIA. To be sure, the Ninth Circuit counsels that "[w]hen a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citing *Morrison-Kundsen Co. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987)). But the Ninth Circuit has also held that "aliens need not exhaust in cases 'where resort to the agency would be futile.'" *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 895 (9th Cir. 2021) (quoting *Sun v. Ashcroft*, 370 F.3d 932, 943 (9th Cir. 2004)). "[W]here the agency's position on the question at issue appears already set, and it is very likely what the result of recourse to administrative remedies would be, such recourse would be futile and is not required." *Sun*, 370 F.3d at 943.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:25-cv-02786-MWC-DTB | Date: October 23, 2025 |
| Title:  Pablo Juan Tomas *et al.* v. Kristi Noem *et al.* | |

Here, the parties agree that the BIA has already ruled on the issue of Petitioners' entitlement to a bond hearing, interpreting the relevant statute against providing such relief. *See App.* 1; *Opp.* 4. Respondents do not contend that there is any question as to how the BIA would rule, only that Petitioners should have sought relief prior to the *Yajure Hurtado* decision's release. *Opp.* 3–4. Because Petitioners' appeal to the BIA would be futile, the Court can grant the requested bond hearing without Petitioners appealing to the BIA first. Accordingly, the Court finds that Petitioners are likely to succeed on the merits.

### ii.    Irreparable Harm

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). The Court finds that Petitioners would be immediately and irreparably harmed by their continued deprivation of liberty without the bond hearing that they are entitled to under § 1226(a). *See Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017) (finding irreparable harm was likely to result from government's policy of not considering financial ability to pay immigration bonds); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1144–45 (9th Cir. 2013) (finding irreparable harm was likely to result from government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention). Accordingly, this factor weighs in favor of granting the TRO.

### iii.    Balance of Equities and Public Interest

As detailed above, the last two Winter factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws. *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018). Still, the balance of equities and the public interest factors tip in favor of Petitioners because they are challenging a policy that is likely in violation of federal law. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-02786-MWC-DTB | Date: October 23, 2025 |
| Title: Pablo Juan Tomas *et al.* v. Kristi Noem *et al.* | |

Accordingly, and in light of the other factors that the Court has already examined, Petitioners are entitled to a bond hearing before the Immigration Court.

IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** the Application. Respondents must provide Petitioners with individualized bond hearings before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of this Order. A preliminary injunction hearing is set for **November 7, 2025**, at 1:30 p.m. in Courtroom 6A. Petitioners shall file their opening brief and all related submissions on or before 12 p.m. PST on October 29, 2025. Respondents shall file their opposition brief and all related submissions on or before 12 p.m. PST on November 4, 2025. Petitioners shall file their reply brief on or before 12 p.m. PST on November 6, 2025.

**IT IS SO ORDERED.**

:
**Initials of Preparer**   TJ